

SCOTT K. CANEPA, ESQ.
Nevada Bar No. 004556
MICHAEL C. RUBINO, ESQ.
Nevada Bar No. 005758
TERRY W. RIEDY, ESQ.
Nevada State Bar No. 003895
**CANEPA RIEDY & RUBINO**
851 S. Rampart, Suite 160
Las Vegas, Nevada 89145
(702) 304-2335
*Attorneys for Plaintiffs*

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

THE GABLES CONDOMINIUM OWNERS' ASSOCIATION, a Nevada non-profit corporation and DOE HOMEOWNERS 1 through 1000,

Plaintiffs,

vs.

THE GABLES, LLC, a Nevada Limited Liability Company; UPONOR, INC., a Minnesota corporation; UPONOR CORP., a foreign corporation; UPONOR GROUP; a business of unknown form or origin; HAJOCA CORPORATION/KEENAN SUPPLY; a foreign corporation; DOE INDIVIDUALS 1-200; and ROE BUSINESS or GOVERNMENTAL ENTITIES 1-200,

Defendants.

Case No. 2:09-CV-01868-LRH

***PLAINTIFFS' SECOND AMENDED COMPLAINT FOR MONEY DAMAGES***

***Exempt for Arbitration: Class Action***

COMES NOW Plaintiffs, THE GABLES CONDOMINIUM OWNERS' ASSOCIATION, a Nevada non-profit corporation; and DOE HOMEOWNERS 1-1000, and hereby seek complain, allege, and state as follows:

**I.**

**PARTIES**

1. THE GABLES CONDOMINIUM OWNERS' ASSOCIATION (hereinafter "Plaintiff"), is a non-profit corporation organized and existing under and by virtue of the laws of the State of Nevada,

///

and having its principal place of business within the City of Henderson, County of Clark, State of Nevada.

2. Plaintiff brings this action on behalf of THE GABLES CONDOMINIUM OWNERS' ASSOCIATION and its individual members pursuant to the Declaration of Covenants, Conditions and Restrictions of THE GABLES CONDOMINIUM OWNERS' ASSOCIATION , the By-Laws of THE GABLES CONDOMINIUM OWNERS' ASSOCIATION, the Articles of Incorporation of THE GABLES CONDOMINIUM OWNERS' ASSOCIATION , and the laws of the State of Nevada.

3. The Gables Condominiums constitute a Common Interest Community, consisting of 13 common area buildings and 156 residential condominium units, which includes, but is not limited to: common elements, association property, recreation areas, structures, buildings, landscaping, perimeter walls, improvements and appurtenances, located in Henderson, Clark County, Nevada (hereinafter referred to as the "Subject Property").

4. In addition to owning and maintaining the Association property and Common Areas of the Subject Property, THE GABLES CONDOMINIUM OWNERS' ASSOCIATION also owns and has the duty and obligation to provide maintenance upon all Condominium Buildings of the Subject Property, including, but not limited to paint, repair, replacement, and care of roofs, exterior building surfaces, building framing, exterior building-mounted lights, trees, shrubs, grass, walks, perimeter walls and other improvements within the Subject Property. The Association also brings this action in its representative capacity pursuant to the Association's governing documents and Nevada law. For example, the Association has the power to (d) Institute . . . litigation . . . in its own name on behalf of itself *or* two or more units' owners on matters affecting the common-interest community;" NRS 116.3102.

5. Plaintiffs DOE HOMEOWNERS 1-1000 are the individual Condominium Unit owners and members of THE GABLES CONDOMINIUM OWNERS' ASSOCIATION. If it is subsequently determined that this action, and/or any claims within the scope of this action, should more properly have been brought in the name of each individual homeowner or as a Class Action, Plaintiffs will seek leave to amend this Amended Complaint to include unit owners and/or Class Representatives. (Hereinafter the named Plaintiff as well as DOE Homeowners will be collectively referred to as "Plaintiffs.")

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

6. Plaintiffs are informed and believe, and thereon allege, that at all times relevant hereto, Defendants THE GABLES, LLC, a Nevada Limited Liability Company; is/was engaged in the business of planning, developing, designing, mass producing, building, constructing, warranting, repairing, selling and managing residential real property in the County of Clark, State of Nevada, and was the owner/developer/declarant/general contractor/seller/manager of the Subject Property. Plaintiffs are further informed and believe, and thereon allege, that, as the owner/developer/declarant/general contractor/seller/manager of the Subject Property, THE GABLES, LLC was directly responsible for the planning, design, mass production, construction, supervision of construction, repairing, marketing, sale, and/or management of the Subject Property and, therefore, is responsible in some manner for the defects and deficiencies in the planning, development, design, construction and/or repair of the Subject Property, as generally alleged herein, and Plaintiffs' damages related to such defects and deficiencies.

7. Plaintiffs are informed and believe, and thereon allege, that at all times relevant hereto, Defendant UPONOR, INC., is and was a Minnesota corporation that designs, develops, manufactures, distributes, markets, and sells plumbing and pipe products and components into Nevada.

8. Plaintiffs are informed and believe, and thereon allege, that at all times relevant hereto, Defendant UPONOR, CORP., is and was a foreign corporation that designs, develops, manufactures, distributes, markets, and sells plumbing and pipe products and components into Nevada.

9. Plaintiffs are informed and believe, and thereon allege, that at all times relevant hereto, Defendant UPONOR, GROUP, is and was a business of unknown form or origin that designs, develops, manufactures, distributes, markets, and sells plumbing and pipe products and components into Nevada.

10. Plaintiffs are informed and believe that the familial Uponor Defendants and perhaps other Defendants, operating as a corporate group, single common economic unit and collective enterprise in violation of law and/or duty to Plaintiffs herein, are and were the alter egos of one another and the court or jury should disregard their corporate forms and fictions on grounds of fundamental equity and fairness.

11. Plaintiffs are informed and believe, and thereon allege, that at all times relevant hereto, Defendant HAJOCA CORPORATION/KEENAN SUPPLY was and is a foreign corporation that sells and distributes pipe products, including the Wirsbo PEX system and Wirsbo fittings, in Nevada.

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

12. The true names and capacities of Defendants sued herein as DOE INDIVIDUALS 1-200, ROE BUSINESS or GOVERNMENTAL ENTITIES 1-200, inclusive, and each of them, are presently unknown to the Plaintiffs and therefore are sued under fictitious names. Plaintiffs are informed and believe, and thereon allege, that the DOES and ROES were responsible for the alleged development, provision of materials or parts, were manufacturers and/or suppliers of component parts, and/or were involved in the design, construction, supervision of construction, inspection, approval, sale and/or management of the Subject Property and, therefore, are responsible in some manner for the defects and deficiencies as alleged herein and Plaintiffs' damages related to such defects and deficiencies. Plaintiffs will seek leave to amend this Complaint to allege their true names and capacities as they are ascertained.

## II.

## GENERAL ALLEGATIONS

13. Plaintiffs are informed and believe, and thereon allege, that at all times relevant herein, THE GABLES, LLC, including DOES and ROES, were the officers, agents, employees, representatives, affiliates and/or alter-egos of each other in doing the things alleged herein and in so doing were acting in the scope of their respective authority and agency.

14. Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC undertook certain works of improvement upon the undeveloped Subject Property, including all works of development, planning, design, construction, repair, marketing, distribution, sale and management of the Subject Property to the general public, including Plaintiffs and/or their predecessors in interest.

15. Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC served as the merchant, seller and manager with respect to the Subject Property and all Condominium Units therein which are the subject of this action as described above.

16. Plaintiffs are informed and believe, and thereon allege, that by reason of the sale, transfer, grant and conveyance to Plaintiffs, THE GABLES, LLC expressly and/or impliedly warranted that the Subject Property, and all Condominium Units therein, were of merchantable quality, habitable, free of defective materials and workmanship, and fit for their ordinary and intended purpose, according to NRS Chapter 116 and all common law warranties.

17. Plaintiffs have initiated expert investigations to determine the exact nature and extent of

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

the defects, deficiencies and damages resulting therefrom throughout the Subject Property. Those expert investigations are not yet complete. Consequently, Plaintiffs have not yet been able to obtain the expert reports necessary to comply with the NRS 40.600 et seq. notice requirements for constructional defects. Accordingly, Plaintiffs have filed this Complaint solely for purposes of stopping the running of any potentially applicable statutes of limitation, statutes of repose, or contractual limitations periods, and to protect and preserve Plaintiffs' rights to pursue an action against THE GABLES, LLC based upon and arising out of the existence of constructional defects and damages resulting therefrom in the Subject Property; Defendants' misrepresentations; Defendants' organization, management and control of the Association; Defendants' breach of their fiduciary duties to the Association and its members; and Defendants' unjust enrichment as a result of their improper and wrongful conduct.

18. Based upon preliminary investigation, Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC acted negligently, breached express and implied warranties, and failed to properly and adequately investigate, design, inspect, plan, engineer, supervise, construct, produce, manufacture, develop, repair, prepare, market, distribute, supply, sell and/or manage the Subject Property, and all Condominium Units therein, in that the Subject Property, and all Condominium Units therein, have experienced, and continue to experience, defects and deficiencies, and damages resulting therefrom, as more specifically described below.

19. Plaintiffs are informed and believe, and thereon allege, that said defects and deficiencies include, but are not necessarily limited to, defects and deficiencies in the design, manufacture, and construction/installation of acoustic assemblies, structural assemblies, plumbing and HVAC systems, site civil and engineering components, electrical systems, thermal and fire safety features, and various architectural systems (such as roofs, windows, stucco and stairs).

20. By way of example and not limitation, Plaintiffs are informed and believes and thereon allege, that the following defects and deficiencies exist at the Subject Project: violations of the Uniform Building, Mechanical and Plumbing Codes, violations of the National Electrical Code, improper flashing and weather-proofing of various water/moisture barrier components/systems of buildings and units, unsafe and non-code compliant stairs and stairwells, improperly installed/flashed windows, improperly installed stucco/lath, defectively installed/damaged building paper, breaches in building weatherproof

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

envelopes, decks/balconies that are improperly flashed and drain improperly, improperly installed/flashed slider doors, improperly sloped and constructed concrete flatwork, improperly sloped and constructed asphalt pavement, common area drainage defects, improperly constructed shear/bearing walls, improper and deficient grading, non-code compliant electrical, plumbing and HVAC systems, breaches in fire-rated walls, improperly installed plumbing and plumbing fixtures allowing water intrusion to occur, omitted/deficient fire stopping, breaches in the structural integrity of buildings/units, drywall cracking, stucco cracking, concrete cracking, deterioration of concrete and asphalt pavement, spalling stucco, non-code compliant acoustic assemblies, excessive and unreasonable sound and impact transmission, unsealed penetrations, improperly installed/damaged weep screeds, improperly installed landscaping and irrigation, improperly installed chimney caps and improperly installed/missing draft stops. Plaintiffs are informed and believe that the above-referenced defects are pervasive and exist throughout the project in varying degrees.

21. The Subject Property may be defective or deficient in other ways and to other extents not presently known to Plaintiffs, and not specified above.

22. Plaintiffs are informed and believe, and thereon allege, that the above-referenced deficiencies and defective conditions have proximately caused damage to Plaintiffs and their properties. Said damages include, but are not limited to: violations of the Uniform Building, Mechanical and Plumbing Codes, violations of the National Electrical Code, improper flashing and weather-proofing of various water/moisture barrier components/systems of buildings and units, unsafe and non-code compliant stairs and stairwells, improperly installed/flashed windows, improperly installed stucco/lath, defectively installed/damaged building paper, breaches in building weatherproof envelopes, decks/balconies that are improperly flashed and drain improperly, improperly installed/flashed slider doors, improperly sloped and constructed concrete flatwork, improperly sloped and constructed asphalt pavement, common area drainage defects, improperly constructed shear/bearing walls, improper and deficient grading, non-code compliant electrical, plumbing and HVAC systems, breaches in fire-rated walls, improperly installed plumbing and plumbing fixtures allowing water intrusion to occur, omitted/deficient fire stopping, breaches in the structural integrity of buildings/units, drywall cracking, stucco cracking, concrete cracking, deterioration of concrete and asphalt pavement, spalling stucco, non-

code compliant acoustic assemblies, excessive and unreasonable sound and impact transmission, unsealed penetrations, improperly installed/damaged weep screeds, improperly installed landscaping and irrigation, improperly installed chimney caps and improperly installed/missing draft stops. Plaintiffs are informed and believe that the above-referenced defects are pervasive and exist throughout the project in varying degrees. Based upon preliminary investigation and testing by experts retained by Plaintiffs thus far, Plaintiffs are informed and believe that these damages are pervasive and exist throughout the project in varying degrees.

23. The Subject Property may have suffered damages in other ways and to other extents not presently known to Plaintiffs, and not specified above.

24. The defects and deficiencies as described above are, among other things, violations or breaches of local building and construction practices, industry standards, governmental codes, ordinances and restrictions, manufacturer requirements, product specifications, N.R.S. 278.583, and Chapter 523 of the Nevada Administrative Code, and the Uniform Building Code, National Electrical Code, Uniform Plumbing Code, and Uniform Mechanical Code and/or International Building Code as adopted by the City of Henderson at the time the Subject Property was planned, designed, constructed, repaired, marketed, sold and managed by Defendants.

25. Plaintiffs are informed and believe, and thereon generally allege that, at all times relevant hereto, the deficiencies in the development, design, planning, construction and/or repair of the Subject Property described in this Complaint were known or should have been known by THE GABLES, LLC upon the exercise of minimal diligence in performing its duties as the owner/developer/declarant/general contractor/seller/manager of the Subject Property.

26. All of the claims and damages generally alleged herein have been brought within the applicable Statutes of Limitations and Repose periods, as set forth generally at N.R.S. Chapter 11.203 *et seq.*, and within any applicable contractual limitations period.

27. Plaintiffs are informed and believe, and thereon allege that THE GABLES, LLC, in its development, planning, design, construction, repair, marketing, organization, management, and control of the Association, and related functions as described herein with respect to the Subject Property, owed to Plaintiffs, to others similarly situated, and to the public at large, a duty to exercise reasonable care in

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

fulfilling all of these functions, and in performing all actions associated therewith.

28. Plaintiffs are informed and believe, and thereon allege that THE GABLES, LLC, in breach of said duties, negligently, carelessly, wrongfully and recklessly failed to exercise reasonable care in the development, investigation, design, inspection, planning, engineering, supervision, construction, production, manufacture, repair, preparation, marketing, distribution, supply, sale and/or organization, management and control of said Subject Property, thereby breaching the duties owned to Plaintiffs.

29. Plaintiffs are informed and believe, and thereon allege that, under the circumstances, a reasonable person in THE GABLES, LLC's position and/or in the position of each of THE GABLES, LLC's agents, would have followed local building and construction practices, industry standards, governmental codes, ordinances and restrictions, manufacturer requirements, product specifications, N.R.S. 278.583, and Chapter 523 of the Nevada Administrative Code, and the Uniform Building Code, National Electrical Code, Uniform Plumbing Code, Uniform Mechanical Code and/or International Building Code, as adopted by the City of Henderson and/or Clark County at the time the Subject Property was planned, designed, constructed, repaired and sold.

30. Plaintiffs are informed and believe, and thereon allege that THE GABLES, LLC, expressly and impliedly warranted that the Subject Property and associated improvements, were: free from defective materials; constructed in accordance with applicable law, according to sound standards of engineering and construction and in a workmanlike manner; were habitable; were safely and properly constructed according to the local building codes and other applicable law; were fit for the normal residential purpose intended; and met the reasonable expectations of Plaintiffs. Plaintiffs are further informed and believe, and thereon allege, that the express warranties made and utilized by said Defendant, have at all relevant times, been written in the form of, by example, and without limitation: express written contractual warranties, advertising flyers, brochures, sales literature, promotional packages, signs, magazine and newspaper articles and advertisements, and by the use of models, all designed to promote the marketing and sale of the Subject Property and Condominium Units, and to promote the likewise belief that the Subject Property and Condominium Units had been similarly, properly and sufficiently constructed. Further, Plaintiffs allege that the express warranties were also oral, including without limitation, the complimentary statements made to Plaintiffs and/or their

predecessors-in-interest, by agents of THE GABLES, LLC, in marketing and offering the Subject Property for sale.

31. Plaintiffs further allege that implied warranties arose by virtue of the offering for sale by THE GABLES, LLC of the Subject Property and Condominium Units to Plaintiffs and/or their predecessors-in-interest, and to members of the general public, without disclosing that there were any defects associated with said property, thereby leading all prospective purchasers, including Plaintiffs and/or their predecessors-in-interest, to believe that there were no such defects.

32. Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC gave similar implied warranties to any and all regulatory bodies who had to issue permits and/or provide approvals of any nature and/or inspections of any nature as to the Subject Property.

33. Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC breached its express and implied warranties in that said Subject Property and Condominium Units were not, and are not, of marketable quality, nor fit for the purpose intended, in that the Subject Property and Condominium Units were not, and are not, safely, properly and adequately constructed and do not comply with building codes and standards.

34. Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC, while in control of the Association, in further breach of its duties, negligently, carelessly, wrongfully and recklessly failed to exercise reasonable care in organizing, governing, controlling, and in disclosing defects to, the Association and its members, to the detriment of the Plaintiff and the Plaintiff's members. By way of example, and not of limitation, THE GABLES, LLC failed to properly set reserves for short or long term care of the Association, and left the Association undercapitalized to perform even regular maintenance and repair obligations.

35. Plaintiffs are further informed and believe, and thereon allege, that THE GABLES, LLC knew or should have known of the existence of the numerous and pervasive defects, deficiencies and property damage caused by them at the Subject Property, and failed to disclose the same to the Plaintiffs and/or the Plaintiffs' members, and the Subject Property was marketed, sold and/or transferred to the Plaintiffs and the Plaintiffs' members without any disclosure of the numerous and pervasive defects, deficiencies and property damage at the Subject Property.

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

36. Plaintiff and Plaintiffs' members are within the class of persons that NRS 278.583, Chapter 523 of the Nevada Administrative Code, the Uniform Building Code, National Electrical Code, Uniform Plumbing Code, Uniform Mechanical Code and/or International Building Code, as adopted by the City of Henderson and/or Clark County at the time of planning, design, construction and repair of the Subject Property, were/are intended to protect; and the defects, deficiencies and property and other damages that the Plaintiffs and the Plaintiffs' members have suffered, as set forth in this Complaint, are of the type that NRS 278.583, Chapter 523 of the Nevada Administrative Code, the Uniform Building Code, National Electrical Code, Uniform Plumbing Code, Uniform Mechanical Code and/or International Building Code, as adopted by the State of Nevada, Clark County and/or the City of Henderson at the time of planning, design, construction and repair of the Subject Property, were/are intended to prevent.

37. Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC, by and through its officers, members and directors, and each of them, upon turning over control of the Association to the Plaintiffs, left the Association substantially undercapitalized and/or under insured to perform its duties and obligations, including, but not limited to, its duty to maintain and repair the common areas of the Subject Property and Condominium Units, and to repair the construction defects and deficiencies, and resulting damage, which exist.

38. In reliance upon THE GABLES, LLC's representations, and lack of full disclosure, Plaintiff and/or Plaintiff's members were induced to, and did, accept control, purchase or acquire the condominium homes and improvements at the Subject Property. If Plaintiff and/or Plaintiff's members had known of the true facts, they would not have purchased the condominium homes or would have taken other action to mitigate their damages.

39. THE GABLES, LLC was unjustly enriched in that, among other things, Plaintiff and its members, as the owners in common and purchasers of the condominium homes and improvements at the Subject Property, paid to THE GABLES, LLC full and fair market value for their homes, which for the majority of purchasers was and is the single largest purchase of their lives, in reliance upon THE GABLES, LLC's express and implied warranties and representations that the Association was properly established, funded, insured and managed in its infancy, and properly set up for future funding and

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

insurance requirements and the Subject Property and the Units were of a habitable condition, were constructed with quality and in a reasonable and workmanlike manner, were merchantable, were fit for their intended purpose, were constructed in compliance with state and local law, and were free from defects and deficiencies, and the damages resulting therefrom; such that the purchasers were not paying inordinately high prices, and thus profits, to THE GABLES, LLC for their Units and mandatory membership in the Association.

40. THE GABLES, LLC accepted and enjoyed the money, profits and dues derived from the sale and transfer of the condominium homes and improvements to the Plaintiff and its members.

41. THE GABLES, LLC knew or should have known that Plaintiff and its members expected to acquire their interest in the Association, condominium homes and the improvements, free from defects and deficiencies, in a habitable condition, constructed with quality and in a reasonable workmanlike manner, fit for their intended purpose and of merchantable quality.

42. Upon creation of the Plaintiff Association, and until the time that THE GABLES, LLC relinquished control of the Plaintiff Association to Plaintiffs' elected Board of Directors, THE GABLES, LLC and/or its agents, who were at the time acting in concert with THE GABLES, LLC, were and had been in control of the operation and management of THE GABLES CONDOMINIUMS OWNERS' ASSOCIATION; and had the right to appoint all and/or a majority of the directors of the Association. As such, said Defendants, by and through their Appointed Directors, had a fiduciary duty to at all times act in the best interests of the Association and, upon turning over the management and operations of the Association to Plaintiffs' elected Board of Directors, said Defendants had a fiduciary duty to make full and complete disclosures of all pertinent and relevant facts concerning the Subject Property which may affect the operation, management, or finances of the common ownership community.

43. THE GABLES, LLC, by and through its appointed directors of the Association, knowingly breached its fiduciary duties by failing to disclose to fellow and prospective homeowners the existence, nature and scope of numerous and pervasive defects, deficiencies and property damage that were in existence at the Subject Property and/or likely to occur in the future.

44. THE GABLES, LLC, by and through its appointed directors of the Association, further knowingly breached its fiduciary duties by engaging in self-serving acts on behalf of its corporate

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

masters, to the detriment of Plaintiffs and Plaintiffs' members.

45. THE GABLES, LLC, by and through its appointed directors of the Association, further knowingly breached its fiduciary duties by leaving the Plaintiff Association undercapitalized to fund the repair and/or maintenance of the common areas of the Subject Property, and the defective and deficient conditions and resulting property damages at the Subject Property, which were known or should have been known to exist, or to be likely to occur in the future, when turning over control of the Association to the Plaintiffs.

46. As a proximate and legal result of the negligence, breach of warranties, misrepresentations, breaches of fiduciary duties, and/or other wrongful conduct of THE GABLES, LLC, and the defective conditions affecting the Subject Property, Plaintiffs have been, and will continue to be, caused damage in that the defects and deficiencies have resulted in conditions which breach the implied warranty of habitability recognized under Nevada law. By way of example and not limitation, the design and construction of the Subject Property has left the residential structures on the Subject Property in such a condition that they are unable to repel modest quantities of rain or moisture and, in fact, the roofs, windows, second story entries, and balconies, permit rain water to enter the framing of the residential structures, resulting in damage to framing, drywall, paint, carpets, and other construction components. The design and construction of the Subject Property by THE GABLES, LLC, has also left the Subject Property in such a condition that the subject structures do not provide adequate fire protection for residents of the Subject Property and are structurally unsound.

47. As a further proximate and legal result of the negligence, breach of warranties, misrepresentations, breaches of fiduciary duties, and/or other wrongful conduct of THE GABLES, LLC, and the defective conditions affecting the Subject Property, Plaintiffs have been caused, and will continue to be caused, damages as more fully described herein above, including but not limited to, their interest in the Subject Property has been and continues to be rendered substantially reduced in value, and/or the Subject Property has been rendered dangerous to the physical well-being of Plaintiffs, their guests and members of the general public, all to the general detriment and damage of Plaintiffs in an amount to be proven at the time of trial.

48. As a further proximate and legal result of the negligent conduct, breach of warranties,

misrepresentations, breaches of fiduciary duties, and/or other wrongful conduct of THE GABLES, LLC, and the defective conditions affecting the Subject Property, Plaintiffs have incurred, and will continue to incur, expenses, including, but not limited to, architect's fees, structural engineer's fees, landscape architect's fees, civil engineer's fees, electrical engineer's fees, mechanical engineer's fees, general contractor's and other associated costs of investigation, testing, analysis and repair, all in an amount to be established at the time of trial.

49. As a further proximate and legal result of the negligent conduct, breach of warranties, misrepresentations, breaches of fiduciary duties, and/or other wrongful conduct of THE GABLES, LLC, and the defective conditions affecting said Subject Property, Plaintiffs have been compelled to resort to litigation against THE GABLES, LLC to judicially resolve the differences between Plaintiffs and THE GABLES, LLC. Plaintiffs request an award of consequential damages, including, but not limited to attorney's fees and costs incurred in such litigation, in amounts to be established at the time of trial; pursuant to NRS 40.600 *et seq*., NRS 116.4117 and/or NRS 18.010.

50. Upon information and belief, a Wirsbo PEX system was the plumbing system that was installed and exclusively used at the Subject Property. Wirsbo AQUAPEX pipe is made of crosslinked polyethylene. Polyethylene is the raw material and the X refers to the crosslinking of the polyethylene across its molecular chains.

51. Uponor represents and warrants in its marketing materials that Wirsbo AQUAPEX pipe is durable, resistant to freezing, and resistant to aggressive water and soils.

52. Specifically, Uponor represents that the Wirsbo PEX plumbing system does not corrode and is not affected by corrosive water and soil conditions, and that the Wirsbo system will last as long as the building structure.

53. Uponor touts the Wirsbo PEX plumbing system and its connections as leak-resistant and guaranteed to last the life of the plumbing system.

54. At all times mentioned herein, Uponor, through advertising and its authorized agents and sales representatives, asserted, stated, represented and warranted that Uponor had extensively tested the Wirsbo PEX plumbing system, and that based on the results of the research and tests, the Wirsbo PEX plumbing system was properly designed, developed, marketed, and manufactured so as to operate

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

adequately, reliably, and as represented.

55. At all times mentioned herein, Uponor, through advertising and through its authorized agents and sales representatives, asserted, stated, represented, and warranted that the Wirsbo PEX plumbing system would not rust or corrode and that the smooth plastic inner wall of the Wirsbo AQUAPEX pipe resists scaling and mineral buildup, keeping flow constant year after year.

56. Uponor, and its authorized agents and sales representatives, made the above-described assertions, statements, representations, and warranties with the intent and purpose of inducing plumbing suppliers, including Defendant HAJOCA CORPORATION/KEENAN SUPPLY to buy the Wirsbo PEX plumbing system and Wirsbo fittings from Uponor to install in homes in Clark County, Nevada, including the Subject Property.

57. Plaintiffs believe that the Wirsbo PEX plumbing system and Wirsbo fittings were installed throughout the Subject Property.

58. Plaintiffs are informed and believed that Wirsbo fittings are universally defective because of a well-known chemical reaction known as dezincification, which occurs when the brass used to make Wirsbo fittings is exposed to water.

59. Brass is an alloy primarily composed of copper and zinc. When Wirsbo fittings are exposed to water, zinc leaches out of the brass fittings leaving behind a weak and porous honeycomb of copper and telltale blockage of zinc oxide that inevitably leads to leaks, restricted water flow, and breakage. Wirsbo fittings, therefore, not only cause substantial injury to residences after they burst and leak, but also impair the ability of a residence's plumbing system to effectively operate and provide water to appliances and plumbing fixtures.

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

**III.**

**COUNTS OF THE COMPLAINT AGAINST DEFENDANT THE GABLES, LLC**

**COUNT ONE**
**(Declaratory and Equitable Relief)**

60. Plaintiffs hereby incorporate and reallege each and every Paragraph of the Complaint as though fully set forth herein.

61. Pursuant to NRS 30.040, any person whose rights, status or other legal relations are

affected by a statute is entitled to have the Court determine any question of construction or validity arising under such statute by obtaining a declaration of their rights, status or other legal relations under such statute.

62. Pursuant to NRS 30.130, when a party seeks declaratory relief, such as the relief sought herein, any person who has or claims any interest which would be affected by the declaration, shall be made a party to the declaratory relief action.

63. The purpose of NRS 30.010, *et seq.*, is to settle and afford relief from uncertainty and insecurity with respect to rights, status and other legal relations, and these statutes are to be literally construed and administered (NRS 30.140).

64. Plaintiffs are informed and believe, and thereon allege, that THE GABLES, LLC is/are persons who have or claim to have an interest which would be affected by the declaratory and equitable relief sought by Plaintiffs in this Complaint. As such, Plaintiffs are informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and THE GABLES, LLC concerning Plaintiffs' rights under NRS 40.600 *et seq.*, to commence an action alleging construction defects against THE GABLES, LLC before complying with all of the pre-litigation notice, inspection, and right to repair provisions of NRS 40.600 *et seq.*

65. Plaintiffs are informed and believe, and thereon allege, that pursuant to NRS 40.647(2)(b), Plaintiffs are entitled to commence such an action if the delay imposed by complying with all of the NRS 40.600 *et seq.* requirements for presenting an adequate notice of defects to THE GABLES, LLC would result in the potential for the action to be procedurally barred by the statute of limitations, statute of repose, or a contractual limitation. Plaintiffs are informed and believe, and thereon allege, that such circumstances may exist in the present case and, therefore, have filed the instant action to protect and preserve Plaintiffs' rights to bring an action against THE GABLES, LLC in the event that the NRS 40.600 *et seq.* pre-litigation procedures do not result in full, complete, and adequate repair of all of the constructional defects identified by Plaintiffs and experts retained by Plaintiffs; complete compensation to Plaintiffs of all entitlements under NRS 40.600 *et seq.*; and complete compensation for all damages suffered by Plaintiffs as a direct and proximate result of THE GABLES, LLC's misrepresentations, improper organization management and control of the Association, breach of

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

fiduciary duties, and unjust enrichment, obtained through all of the above wrongful conduct, including but not limited to, payment of reasonable attorney's fees and reimbursement of all costs incurred by Plaintiffs to investigate the constructional defects in the Subject Property and other damages suffered by Plaintiffs, to pursue the NRS 40.600 pre-litigation process, and to prosecute this action.

66. In the event that the NRS 40.600 *et seq.* pre-litigation process does not result in complete resolution of all of Plaintiffs' claims, damages, and NRS 40.600 *et seq.* entitlements, Plaintiffs will seek leave to amend this Complaint to allege appropriate claims for relief and damages for those claims and issues which are not resolved. Said claims for relief will include tort, contract, and equitable relief claims, including but not necessarily limited to, claims for negligence and negligence per se; breach of express and implied warranties of merchantability, quality, workmanship, habitability, and fitness for intended purpose; intentional and negligent misrepresentation; breach of fiduciary duties; unjust enrichment; declaratory and equitable relief; and restitution/indemnity for costs and attorney's fees incurred to investigate the defects and deficiencies in the Subject Property and other damages suffered by Plaintiffs, and to pursue the NRS 40.600 *et seq.* pre-litigation process and this action.

67. Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and THE GABLES, LLC concerning Plaintiffs' rights under NRS 40.600 *et seq.*; Plaintiffs' rights under other Nevada statutes; and Plaintiffs' rights at common law. Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and THE GABLES, LLC concerning the rights and standing of the Plaintiff HOA to prosecute this action in its representative capacity, pursuant to NRS 116, with respect to defects which may exist within individual living units rather than in Common Areas of the Subject Property. The determination of these issues is essential to the administration of justice in this case. Plaintiffs respectfully request the Court to resolve these issues prior to trial.

68. Plaintiffs are further informed and believe, and thereon allege, that an actual controversy has arisen and now exists between Plaintiffs and THE GABLES, LLC regarding the interpretation of and legal force and effect of certain provisions in the governing documents of the Association, and purchase documents executed by Plaintiffs' members. The determination of these issues is essential to the administration of justice in this case. Plaintiffs respectfully request the Court to resolve these issues

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

prior to trial.

69. Plaintiffs are further informed and believe, and thereon allege, that an actual controversy and dispute exists by and between Plaintiffs and THE GABLES, LLC about the scope and/or adequacy of legal rights and remedies available to Plaintiffs pursuant to NRS Chapter 40, pursuant to other Nevada statutes and at common law. The determination of these issues is essential to the administration of justice in this case. Plaintiffs respectfully request the Court to resolve these issues prior to trial.

## IV.
## COUNTS OF THE COMPLAINT AGAINST DEFENDANTS UPONOR, INC.; UPONOR CORP.; UPONOR GROUP AND HAJOCA CORPORATION/KEENAN SUPPLY

### COUNT ONE
### (Products Liability)

70. Plaintiffs hereby incorporate and reallege each and every Paragraph alleged above, as though fully set forth herein.

71. At all times relevant herein, Defendants were the designers, developers, manufacturers, distributors, marketers and/or sellers of the Wirsbo AQUAPEX pipe and Wirsbo system, fittings and components.

72. Defendants engaged in the business of designing, developing, manufacturing, distributing, marketing, selling, and installing plumbing supplies and pipes such as the materials at issue herein.

73. Defendants knew and/or should have known and expected that the Wirsbo plumbing system, fittings and components would reach the ultimate user and/or consumer without substantial change and would be in the same condition in which it was sold by Defendant Uponor.

74. At all times herein relevant, Defendants owed a duty of reasonable care to the Plaintiffs in the design, development, manufacturing, distributing, marketing, selling and selection of materials used for Wirsbo pipe, fittings and components.

75. Defendants breached this duty in the following ways, including, but not limited to, failing to adequately and properly:

a Supply Wirsbo pipe, fittings and components for use without defects;

b. Inspect and test the Wirsbo system, fittings and components used at the Subject Property;

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

c. Manufacture, design, develop, build, market, sell, and produce and/or otherwise put into the stream of commerce Wirsbo pipe, fittings and components which were without and free from defect;

d. Select and use materials which were defect-free;

e. Design a water supply pipe and/or components which would operate and/or perform in a defect-free manner so as to prevent damage; and

f. Warn of the damage as a result of the installation of the Wirsbo plumbing system, fittings and components.

76. But for the manufacturing defect, design defect, and selection of improper materials by Defendants, and breach of duty by Defendants, Plaintiffs would not have suffered injury or damages.

77. Defendants knew and/or should have known the pipe system at issue was a repository and/or conduit of water and/or subject to water pressure such as it was foreseeable to Defendants that a failure of the pipe and/or other components would cause damages to the ultimate users, including Plaintiffs.

78. As a direct and proximate result of all the foregoing and as a result of the acts and/or omissions of Defendants, Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

79. Plaintiffs incorporate by reference, as if set forth herein, the particular statement of damages described in the prayer for relief.

80. Plaintiffs have been required to retain the services of CANEPA RIEDY & RUBINO to prosecute this matter, and are entitled to an award of attorney's fees based thereon.

**COUNT TWO**
**(Strict Liability)**

81. Plaintiffs repeat, reallege, and incorporate herein by reference all preceding paragraphs as though fully set forth herein.

82. As a direct and proximate result of the foregoing, Defendants, as the designers, developers, manufacturers, distributors, marketers and/or sellers of Wirsbo PEX pipe and Wirsbo fittings and components, are strictly liable to Plaintiffs for their damages set forth herein.

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

83. As designers, developers, manufacturers, distributors, marketers and sellers, Defendants willfully, maliciously, and by gross negligence and in total disregard, designed, developed, manufactured, distributed, marketed and sold the Wirsbo PEX plumbing system and Wirsbo fittings and components so as to cause the Subject Property to be in a dangerous, defective, and unsafe and unfit condition for habitation and use in the way and manner that a plumbing system would customarily be used and employed.

84. As designers, developers, manufacturers, distributors, marketers and sellers of the Wirsbo PEX plumbing system and Wirsbo fittings and components, and having full knowledge of said Wirsbo fittings and components being defective, dangerous, and of an unsafe condition, Defendants willfully, maliciously, knowingly, and by gross negligence and in total disregard, placed them on the market, and into the stream of commerce, knowing that they would be sold and used by members of the general public without inspection for defects.

85. The Wirsbo PEX plumbing system and Wirsbo fittings and components were installed at the Subject Property in the same condition that they were in when they left the control of Defendant Uponor.

86. As a direct and proximate result of all the foregoing and as a result of the acts and/or omissions of Defendants, Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

87. Plaintiffs have been required to retain the services of CANEPA RIEDY & RUBINO to prosecute this matter, and are entitled to an award of attorney's fees based thereon.

**COUNT THREE**
**(Breach of Express Warranty - Against Defendants Uponor, Inc.; Uponor Corp. and Uponor Group)**

88. Plaintiffs repeat, reallege, and incorporate herein by reference all preceding paragraphs as though fully set forth herein.

89. Defendant Uponor designed, developed, manufactured, distributed, and marketed the Wirsbo PEX plumbing system for purposes of its eventual sale and use in residences, including the Subject Property.

90. Defendant Uponor included an express twenty-five year warranty with the Wirsbo PEX

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

plumbing system. Other literature suggests that Uponor warranted the Wirsbo PEX plumbing system to last 100 years.

91. Furthermore, the express statements, assertions, marketing materials, and representations by Defendant Uponor concerning the Wirsbo PEX plumbing system and Wirsbo fittings and components as set forth above constitute express warranties.

92. Defendant Uponor failed to provide defect-free homes and failed to inspect and identify pipe defects and defects in the pipe's fittings and components.

93. Defendant Uponor failed to provide defect-free homes in failing to provide quality workmanship and defect free materials and merchandise in manufacturing the Wirsbo PEX pipe, fittings and components.

94. But for the manufacturing defect, design defect, selection of improper materials and/or the breaches of duty by Defendant Uponor, Plaintiffs would not have sustained injury or damages.

95. Upon discovery of the defective Wirsbo plumbing systems installed within the Subject Property, Plaintiffs have diligently brought this Complaint to give notice to Defendants of the claims of Plaintiffs, including breach of express warranties made by Defendants to Plaintiffs.

96. As a direct and proximate result of each Defendant's breach, Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

97. Plaintiffs have been required to retain the services of CANEPA RIEDY & RUBINO to prosecute this matter, and are entitled to an award of attorney's fees based thereon.

**COUNT FOUR**
**(Breach of Implied Warranty )**

98. Plaintiffs repeat, reallege, and incorporate herein by reference all preceding paragraphs as though fully set forth herein.

99. Defendant Uponor designed, developed, manufactured, distributed, and marketed the Wirsbo PEX plumbing system and Wirsbo fittings and components for purposes of its eventual sale and use in residences, including the Subject Property.

100. Defendant Uponor impliedly warranted that the Wirsbo PEX plumbing system and Wirsbo fittings and components were properly designed, developed, manufactured, distributed, marketed

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

and sold, and that the designs and materials were proper and of first-class and workmanlike quality.

101. Defendant HAJOCA CORPORATION/KEENAN SUPPLY impliedly warranted that the Wirsbo PEX plumbing system and Wirsbo fittings and components were properly designed, developed, manufactured, distributed, marketed and sold, and that the designs and materials were proper and of first-class and workmanlike quality.

102. Plaintiffs relied upon said warranties and believed that said designs, work, and materials were of first-class workmanlike quality and fit for the intended use and purpose of a plumbing system.

103. Plaintiffs are informed and believe, and thereon allege, that each Defendant breached said warranty by failing to provide adequate and proper designs, materials, components, fittings, calculations, and/or details for the Wirsbo PEX plumbing system and Wirsbo fittings and components.

104. But for each Defendant's breach of implied warranty, Plaintiffs would not have sustained injury or damages.

105. Upon discovery of the defective Wirsbo plumbing systems, fittings and components installed at the Subject Property, Plaintiffs have diligently brought this Complaint to give Defendants notice of the claims of Plaintiffs, which include breach of implied warranties made by Defendants to Plaintiffs.

106. As a direct and proximate result of each Defendant's breach of implied warranty, Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

107. Plaintiffs have been required to retain the services of CANEPA RIEDY & RUBINO to prosecute this matter, and are entitled to an award of attorney's fees based thereon.

**COUNT FIVE**
**(Breach of Warranty of Merchantability)**

108. Plaintiffs repeat, reallege, and incorporate herein by reference all preceding paragraphs as though fully set forth herein.

109. Defendants designed, developed, manufactured, distributed, marketed, and sold into the stream of commerce the Wirsbo PEX plumbing system and Wirsbo fittings and components installed at the Subject Property.

110. Defendants knew and/or should have known that the Wirsbo PEX plumbing system and

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

Wirsbo fittings and components were not of average acceptable quality as they were designed and/or manufactured with substandard and defective materials.

111. Defendants knew and/or should have known that the Wirsbo PEX plumbing system and Wirsbo fittings and components were not generally fit for the ordinary purpose for which they were intended to be used, as they were designed and manufactured with substandard and defective materials.

112. Defendants knew and/or should have known that the Wirsbo PEX plumbing system and Wirsbo fittings and components would reach the ultimate user and/or consumer without substantial change and would be in the same condition when installed in the residences as the condition in which they were manufactured and sold.

113. The Wirsbo PEX plumbing system and Wirsbo fittings and components have failed or are in the process of failing.

114. But for each Defendant's breach of warranty, Plaintiffs would not have sustained injury or damages.

115. Upon discovery of the defective Wirsbo PEX plumbing system, fittings and components installed at the Subject Property, Plaintiffs have diligently brought this Complaint to give notice to Defendants of the claims of Plaintiffs, including breach of warranties of merchantability made by Defendants to Plaintiffs.

116. As a direct and proximate result of each Defendant's breach, Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

117. Plaintiffs have been required to retain the services of CANEPA RIEDY & RUBINO to prosecute this matter, and are entitled to an award of attorney's fees based thereon.

**COUNT SIX**
**(Negligence - Against Defendants Uponor, Inc.; Uponor Corp. and Uponor Group)**

118. Plaintiffs repeat, reallege, and incorporate herein by reference all preceding paragraphs as though fully set forth herein.

119. Uponor owed Plaintiffs a duty of care to design, develop, manufacture, distribute, market, and sell a plumbing system, fittings and components free of defects.

120. Uponor breached its duty of care by negligently designing, developing, manufacturing,

distributing, marketing, and selling a plumbing system, fittings and components with manufacturing defects, design defects, and selection of improper materials.

121. Uponor breached its duty of care by manufacturing and selling fittings and components to consumers, contractors, and retailers, which are defective.

122. As a direct and proximate result of all the foregoing and as a result of the acts and/or omissions of Uponor, Plaintiffs have sustained damage, in an amount in excess of Ten Thousand Dollars ($10,000.00).

123. Plaintiffs have been required to retain the services of CANEPA RIEDY & RUBINO to prosecute this matter, and are entitled to an award of attorney's fees based thereon.

**IX.**

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for Judgment against Defendants as follows:

1. A declaration of the interpretation, construction and applicability of NRS 40.600 *et seq.* as it pertains to the facts and circumstances alleged herein;

2. A declaration that the instant action is properly commenced pursuant to NRS 40.600 *et seq.* and provides adequate notice of the potential claims and causes of action which may be alleged by Plaintiffs in the future which arise out of the constructional defects, conduct, transactions and occurrences set forth in the above Complaint;

3. A declaration that, pursuant to NRS 40.647(2)(b), the instant action is not subject to dismissal and that any proceedings in this action may be stayed pending compliance with the pre-litigation requirements of NRS 40.600 *et seq.*

4. A declaration that, upon completion of the NRS 40.600 *et seq.* pre-litigation requirements, Plaintiffs shall be afforded leave to amend this Complaint to allege appropriate claims for relief and damages which arise out of the constructional defects, conduct, transactions, and occurrences, as alleged in the instant Complaint.

5. For general damages in excess of $10,000.00.

6. For special damages in excess of $10,000.00;

7. For punitive damages in an amount to be determined at trial;

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336

8. For reasonable attorneys' fees;

9. For costs of suit;

10. For an award of pre-judgment interest on all monetary damages awarded in this action; and

11. For any such further relief this Court deems appropriate.

DATED this 28th day of September, 2009.

CANEPA RIEDY & RUBINO

By:____________________________

SCOTT K. CANEPA, ESQ.
Nevada Bar No. 004556
MICHAEL C. RUBINO, ESQ.
Nevada Bar No. 005758
TERRY W. RIEDY, ESQ.
Nevada State Bar No. 003895
851 South Rampart Boulevard, Suite 160
Las Vegas, Nevada 89145-4885
*Attorneys for Plaintiffs*

Z:\G\GABLES\PLDG\Complaint.003.wpd

CANEPA RIEDY & RUBINO
851 South Rampart Boulevard, Suite 160 • Las Vegas, Nevada 89145-4885
Telephone (702) 304-2335 Facsimile (702) 304-2336